IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELLE RICKER,

          Plaintiff,

          v.

CAROLYN COLVIN, Commissioner of
Social Security,

          Defendant.

Case No. 6:12-cv-0664-CL

**REPORT AND
RECOMMENDATION**

_____

CLARKE, Magistrate Judge.

      This matter comes before the court on plaintiff's motion (#25) for prevailing party fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner objects to plaintiff's motion (#28), and plaintiff filed a reply (#29). After careful consideration of the parties' arguments, the court recommends that plaintiff's motion be DENIED.

## BACKGROUND

      On April 13, 2012, plaintiff filed a Complaint (#1) in this court seeking judicial review of a final decision of the Commissioner of the Social Security Commission denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, as amended ("the Act"). After an administrative hearing, the Commissioner found plaintiff not disabled in a decision dated

February 22, 2011. That decision became final when the Appeals Council denied plaintiff's subsequent request for review on February 8, 2012.

The Commissioner concluded that plaintiff was not disabled on two alternate grounds: first, the Administrative Law Judge ("ALJ") found that plaintiff could perform her past relevant work as a fast food worker and was therefore not disabled within the meaning of the Act; second, the ALJ found that plaintiff could perform jobs existing in significant numbers in the national economy, including small products assembler and cafeteria attendant, and was therefore not disabled.

Upon review of the ALJ's decision, the court found two grounds for remand: first, the ALJ failed to make specific findings as to the physical and mental demands of plaintiff's past relevant work as a fast food worker; second, the ALJ failed at step five to resolve a "potential conflict" between plaintiff's RFC, which limited her to only occasional overhead reaching, and the DOT's description of jobs recommended for plaintiff. Thus, the court found error in both of the ALJ's alternate grounds for his non-disability ruling. Finding that it was not clear from the record whether plaintiff was entitled to disability benefits, the court recommended reversal and remand for further proceedings (#19). On July 30, 2013, Judge Panner adopted (#23) the recommendation and entered judgment (#24) for plaintiff, thus making plaintiff the "prevailing party" for the purposes of the EAJA.

## LEGAL STANDARDS

To award attorney's fees under the EAJA, the Court must determine (1) that the claimant is a "prevailing party"; (2) that the government has not met its burden of showing that its position was "substantially justified" or that special circumstances make an award unjust; and (3) that the requested fees and costs are reasonable. *See Perez-Arellano v. Smith*, 279 F.3d 791, 793

(9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A). "[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether [she] later succeeds in obtaining the requested benefits." *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that plaintiff is a prevailing party for the purposes of the EAJA. The Commissioner, however, challenges plaintiff's allegation that the government's position was not "substantially justified." A substantially justified position is one that "a reasonable person could think is correct, that is, if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). This standard is satisfied if there is a "genuine dispute" as to the correctness of the position. *Id.* at 565. While the government has the burden of establishing its position was substantially justified, the fact that a plaintiff prevailed in court "does not raise a presumption that [the government's] position was not substantially justified." *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988); *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1998). As the Ninth Circuit stated in *Kali*,

> [t]he inquiry into the existence of substantial justification ... must focus on two questions: first, whether the government was substantially justified in taking its original

action; and, second, whether the government was substantially justified in defending the validity of the action in court.

As to the second question, the *Kali* court instructed:

> the second inquiry must … focus upon extraneous circumstances bearing upon the reasonableness of the government's decision to take a case to trial. Perhaps the most important of these extraneous circumstances will be the existence of precedents construing similar statutes or similar facts.

*Id.* at 332; *citing Pierce*, 487 U.S. at 569 (observing that "a string of losses" or "a string of successes" may be "indicative" on the issue of substantial justification). The Supreme Court has cautioned, however, that "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569.

Here, the government's position aligned with "precedents construing … similar facts" to those at issue in the Commissioner's decision to deny plaintiff's applications for benefits. Specifically, the Administrative Law Judge's ("ALJ") decision turned on his assumption that plaintiff's limitation to no more than occasional overhead reaching was compatible with the jobs of small products assembler and cafeteria attendant, which require the ability to perform frequent or continuous overhead reaching. Dkt. 19. As plaintiff acknowledged, "the DOT does not differentiate overhead reaching from other types of reaching, such as forward, downward, … or any other conceivable reaching direction." Pl.'s Op. Brief, pp. 20.

The Ninth Circuit has not resolved the issue of whether there is a conflict between a vocational expert's testimony that a claimant who was limited to occasional overhead reaching could perform a job which requires frequent reaching. Indeed, a recent decision in this District noted the absence of controlling Ninth Circuit precedent on this question, stating, "[t]he courts are divided on the question." *Lee v. Astrue*, Slip Copy, 6:12-cv-84, 2013 WL 1296071, at *11

(D. Or. Mar. 28, 2013). In *Lee,* the court found no direct conflict between a limitation to occasional overhead reaching and jobs that require frequent reaching in general. *Id.* at *11.

Plaintiff argues that the Commissioner's position was not substantially justified because it was "not reasonable in law." Pl.'s Rep., pp. 4. In effect, she contends that because the ALJ's decision was remanded, it automatically follows that the ALJ "failed to follow controlling case law." *Id.* This oversimplifies the analysis of whether the government's position was substantially justified. If plaintiff's position were correct, then it would always follow from the fact that the Commissioner's decision was remanded that the plaintiff is entitled to EAJA fees. This misstates the legal standard discussed above.

In this case, given the lack of clear legal standards in the relevant area of law and the existence of a recent decision in this district construing similar facts in a way favorable to the government's position, the court finds that the government was substantially justified in its position. *See Blaylock Electric v. NLRB*, 121 F.3d 1230, 1236 (9th Cir. 1997) (delay in withdrawing a complaint was substantially justified in part because of the "lack of standards regarding post-trial timing issues"). The court therefore recommends that plaintiff's motion for EAJA fees (#25) be DENIED.

## RECOMMENDATION

Because the court finds that the government's position was substantially justified, plaintiff's motion (#25) should be denied.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge.

Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____6_____ day of January, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge